IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HAWKINS, II, | Civil No. 3:25-cv-165 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN, FCI-ALLENWOOD, | |
| Respondent | |

**MEMORANDUM**

Petitioner William Hawkins ("Hawkins") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Hawkins subsequently filed a supplement to the habeas petition wherein he alleges that the Federal Bureau of Prisons ("BOP") improperly denied him First Step Act ("FSA") credits due to his "'High/High' recidivism risk assessment pattern score." (Doc. 11, at 2). For the reasons that follow, the Court will deny the habeas petition.

**I.    Background**

Hawkins is serving a 78-month term of imprisonment imposed by the United States District Court for the Northern District of Indiana for his conviction of unlawful disposition of a firearm to another individual knowing they had previously been convicted of a crime punishable by a term of imprisonment exceeding one year (18 U.S.C. § 922(d)(1)), and unlawful possession of a firearm as a felon (18 U.S.C. § 922(g)(1)). (Doc. 21-2, Declaration of BOP Attorney Joshua M. Bower ("Bower Decl."), at 1 ¶ 3; Doc. 21-3, Public Information

Inmate Data). His current projected release date is November 19, 2026, via good conduct time. (Doc. 21-3).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Hawkins has not filed any administrative remedies. (Doc. 11-4, Administrative Remedy Generalized Retrieval).

The BOP conducted a First Step Act Time Credit Assessment and found that Hawkins is ineligible for application of FSA time credits due to his high PATTERN[1] score. (Doc. 21-2, Bower Decl., at 3-4, ¶¶ 9-23; Doc. 21-10, FSA Time Credit Assessment).

In his § 2241 petition and supplement, Hawkins alleges that the BOP violated his rights by withholding 150 days of FSA credits. (Doc. 1; Doc. 11, at 2). Respondent contends that Hawkins' § 2241 petition must be denied because Hawkins failed to exhaust his administrative remedies and, alternatively, because Hawkins is not eligible for earned time credits at this time. (Doc. 21). The petition is ripe for disposition.

## II. Discussion

### A. Exhaustion of Administrative Review

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ

---

[1] The Bureau of Prison's recidivism assessment tool, Prison Assessment Tool Targeting Estimated Risk Needs ("PATTERN").

of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written

3

request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record reflects that Hawkins has not filed a single administrative remedy while in BOP custody. (Doc. 21-4). Rather than comply with the Administrative Remedy process, Hawkins bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Hawkins concedes his failure to exhaust and argues that exhaustion should be excused as futile because the matter is "time sensitive." (Doc. 1, at 2). Hawkins seemingly argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take time to complete, and he should be released before the process is completed. The Court, however, is unpersuaded by Hawkins' argument, as it does not provide a basis to excuse exhaustion. *See, e.g., Greene v. Spaulding*, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing

4

administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); *Rodriguez v. Sage*, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); *Ramirez v. Sage*, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

Hawkins has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this Court to find that exhaustion of administrative remedies would subject him to irreparable injury. His unsupported and conclusory claim that exhaustion would be futile is insufficient to circumvent the prudential exhaustion requirement for Section 2241 petitions.

The Court finds that Hawkins' claim must first be presented to BOP officials and fully exhausted. Because Hawkins did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be denied. Nevertheless, the Court will address the merits of his petition below.

B.   Merits of Habeas Petition

Under the FSA, Congress charged the Attorney General with creating a Risk and Needs Assessment System (the "System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632(a). The System would be used for: (1) determining an inmate's recidivism risk as part of the intake process; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically reassessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; (7) determining when the inmate is ready to transfer to pre-release custody or supervised release; and (8) determining appropriate use of technology for those with dyslexia. See id. § 3632(a)(1)-(8). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific

criminogenic needs." *Kurti v. White*, No. 1:19-cv-02109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive FSA time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may initially earn 10 days of credit for every thirty 30 days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every 30 days of successful participation. *See id.*

Inmates convicted of certain enumerated offenses, or inmates subject to a final order of removal, are ineligible to earn FSA time credits. *See id.* § 3632(d)(4)(D)-(E). In addition, an inmate cannot earn FSA time credits for EBRRs successfully completed prior to the enactment of the FSA on December 21, 2018, or "during official detention prior to the date the prisoner's sentence commences under [18 U.S.C. §] 3585(a)." *Id.* § 3632(d)(4)(B).

Inmates who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk. *See* 18 U.S.C. § 3624(g)(1)(B); 28 C.F.R. § 523.44. Hawkins is eligible to earn FSA time credits. Although Hawkins may be eligible to earn time credits, those credits cannot be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of

7

imprisonment." 18 U.S.C. § 3624(g)(1)(B). Hawkins' current recidivism risk level is high. (Doc. 21-2, Bower Decl., at 3-4, ¶¶ 9-23; Doc. 21-10, FSA Time Credit Assessment). Hawkins will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low. Additionally, an inmate with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II). There is nothing in the record indicating that Hawkins made such a request to the warden. Thus, the Court must deny the habeas petition.

## III. Conclusion

Based on the foregoing, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the accompanying supplement. (Docs. 1, 11).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June 5, 2025