IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HAWKINS, II,            :        Civil No. 3:25-cv-165
                                :
            Petitioner          :        (Judge Mariani)
                                :
    v.                          :
                                :
WARDEN, FCI-ALLENWOOD,          :
                                :
            Respondent          :

## MEMORANDUM

Petitioner William Hawkins ("Hawkins") initiated the above-captioned action by filing

a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Hawkins

subsequently filed a supplement to the habeas petition wherein he alleged that the Federal

Bureau of Prisons ("BOP") improperly denied him First Step Act credits due to his

"'High/High' recidivism risk assessment pattern score."  (Doc. 11, at 2).  On May 22, 2025,

Respondent filed a response to the petition, arguing that the petition should be dismissed

for failure to exhaust administrative remedies, that this Court does not have jurisdiction to

review the BOP's decision whether to transfer an inmate to prerelease custody, and that the

petition fails on its merits because Hawkins is ineligible for earned time credits.  (Doc. 21).

On June 5, 2025, the Court issued a Memorandum and Order denying the habeas petition

for failure to exhaust and because the petition failed on the merits.  (Docs. 22, 23).

On July 3, 2025, Hawkins filed a document titled "motion for judgment on the pleadings." (Doc. 28). The Court will construe Hawkins' filing as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e)[1] and will deny the motion.

## I.    Legal Standard

Rule 59(e) is "a device…used to allege legal error," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

---

[1]    Because Hawkins filed the motion within 28 days after the entry of the Court's judgment, the Court will treat the motion as though filed pursuant to Rule 59(e). Motions for reconsideration filed within Rule 59(e)'s 28-day filing period are construed as timely filed Rule 59(e) motions to alter or amend judgment, rather than as Rule 60(b) motions for reconsideration. *See Banister v. Davis*, 590 U.S. 504, 516 17 (2020) (explaining that Rule 59(e) motions seeking reconsideration of underlying decision are permitted in habeas proceedings and are not considered to be second or successive habeas petitions, unlike subsequent Rule 60(b) motions raising new issues); *see also Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); FED. R. CIV. P. 59(e) (a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment").

II.    **Discussion**

In the instant motion, Hawkins argues that Respondent's response was due by May

23, 2025, and that Respondent failed to timely file its response.  (Doc. 24).  Based on this

alleged untimely filing, Hawkins requests that the Court enter judgment in his favor.  (*Id.*).

However, this contention does not present any intervening change in law, the availability of

previously unavailable evidence, or a "clear error of law" of the sort that would warrant

reconsideration of the Court's denial of his § 2241 petition.  Moreover, as noted above, the

docket reflects that Respondent's response was timely filed on May 22, 2025.  (Doc. 21).

Accordingly, the Court will deny the instant Rule 59(e) motion.  (Doc. 24).

III.    *Conclusion*

For the aforementioned reasons, the Court will deny Hawkins' Rule 59(e) motion.

(Doc. 24).  A separate Order shall issue.



_____
Robert D. Mariani
United States District Judge

Dated: October 27, 2025